Tr. Ct. No. C-297-010624-1339638-B
WR-40,882-04                    40,882-04

Ex Parte                    ✱        In The 297th
                            ✱        RECEIVED IN
                                     COURT OF CRIMINAL APPEALS
Harry Jerome Haliburton     ✱        District Court of
            vs              ✱
The State of Texas          ✱        Tarrant County, Tx
                            ✱        DEC 14 2015
                            ✱
                                     Abel Acosta, Clerk

Petitioner's Objection to the State's Response to Application for Writ of Habeas Corpus and objection to Proposed Memorandum Finding of Fact and Conclusions of Law and Petitioner's Request for Mandatory Judicial Notice Per Texas Rules of Evidence 103(A)(1) & (2) and 201(D) & (E).

To The Honorable Judge of Said Court:

Comes now Harry Jerome Haliburton, In Propria Persona, Sui-Juris presenting this, His objection to State's Response to His Application for Writ of Habeas Corpus and for Good Cause In support of the same would show the court the following:

## I

Reason For The Objection:

Petitioner Asserts That the foregoing Objection is made pursuant to Tex. Rules of Evidence Rule 103(A)(1)(2) for purpose of Expansion of the record and to "Make an offer of Proof" in support of His claims to wit: The Petitioner has raised controverted, previously unresolved facts that need to be resolved and the forum for doing so is with a "Live Evidentary Hearing" for the purpose of Cross-Examination of witness/Parties involved to arrive at the Ultimate Truth" instead of Affidavits. Therefore Applicant Does Need to be brought back to Tarrant County for a hearing.

## II

I never recieved my indictment nor did I ever recieve nor was I able to examine the police report at the time of my first writ Habeas Corpus there for I should be able to get "another bite at the apple"

(1)

## III

Newly discovered evidence:

The newly discovered evidence was not made available to applicant until after a submission of the first writ habeas corpus due to the ineffective assistance of Counsel. So therefore the Applicant's Allegations: The fundamentally defective indictment would have been addressed by Counsel if she had been effective and would have, "I believe, been voided".

## IV

In a habeas corpus Proceeding, the burden of proof is on the applicant. Ex Parte Rains 555 S.W. 2d 478, 481 (Tex. Crim. App. 1977). An applicant "Must Prove by a preponderance of the evidence that error contributed to his conviction or punishment. Ex parte Williams, 65 SW. 3d 656, 658 (Tex Crim App. 2001). In order for me to Prevail, the applicant must present facts that if true would entitle him/me to the relief requested. Ex parte Maldonado 688 S.W. 2d 114, 116 (Tex Crim. App. 1985). Relief may be denied if the applicant states only conclusions and not specific facts. Ex parte McPherson 32 S.W. 3d 860-861 (Tex. Crim. App 2000). In addition an applicant's sworn allegations alone are not sufficient to prove his claims. Ex parte Empey 757 sw 2d 771, 775 (Tex. Crim. App 1988)

## V

Prayer for Relief

Wherefore Premises Considered Petitioner Prays that this Court Deny The Relief requested by the Respondent and that Applicant be allowed a forum to expend the record. Because each of the documents was not available to Applicant when first application was filed, the factual bases for Applicant's claims were not available. Therefore Applicant has successful presented sufficient specific facts that the factual bases of his claims were ascertainable through the exercise of reasonable diligence on or before the day He filed his first application. And that the court Designate Issues to be resolved as He has plead and

proved facts that warrant the same citing Exparte Campos 613 SW 2d 745, 746 (Tex. Crim. App 1981). Likewise, the legal bases for his claims were not available when he filed his first application. Thus Applicant has proved sufficient specific facts that the legal bases was recognized by the courts or could have been reasonably formulated from a final decision of the courts on or before the date he filed his first application.

In short Applicant has provided sufficient specific facts to overcome the subsequent writ bar. See Tex. Code Crim. Proc. art 11.07 §4 Thus this application should be Granted Relief.

## VI

Conclusion

Wherefore promises considered, the Applicant prays that this Court recommend State's Response be denied.

## VII

Affidavit

I certify that the foregoing is True and Correct to the best of My Knowledge, Information and Belief.

## VIII

Certificate of Service

I Harry Jerome Haliburton, certify that foregoing objection and Mandatory Judicial Notice was forwarded to the Clerk of the Court Addressed: District Clerk of Tarrant County Thomas Wilder Postage Prepaid on this the 11th day of November 2015.

(3)